Citation Nr: AXXXXXXXX
Decision Date: 06/30/21 Archive Date: 06/30/21

DOCKET NO. 200420-79025
DATE: June 30, 2021

REMANDED

Entitlement to service connection for a back condition, to include as secondary to service-connected right knee patellofemoral pain syndrome, is remanded.

REASONS FOR REMAND

The Veteran served in the United States Marine Corps from June 1974 to December 1978. 

The Veteran originally received a rating decision in December 2019 denying his claim of service connection for a back condition, after which he filed a VA Form 20-0995 (Decision Review Request: Supplemental Claim) in February 2020 and requested a new VA examination. The Veteran then received a March 2020 rating decision that continued to deny service connection for a back condition, which he appealed in April 2020 and selected the Direct Review lane by submitting a VA Form 10182 (Decision Review Request: Board (Notice of Disagreement)). The Board finds this March 2020 rating decision to be the decision on appeal. Therefore, the Board may only consider the evidence of record at the time of the March 2020 rating decision. 38 C.F.R. § 20.301.

In October 2020, the Veteran submitted a VA Form 20-0996 (Decision Review Request: Higher-Level Review (HLR)) and requested review of the March 2020 rating decision's denial of service connection for a back condition. The agency of original jurisdiction (AOJ) issued a February 2021 HLR decision continuing to deny service connection for a back condition. However, the Veteran did not withdraw his April 2020 VA Form 10182 appealing the March 2020 rating decision. The AOJ's February 2021 decision was made in error because a claimant may not file for a review of a claim under one available review option while that same claim is pending review under another available option. 38 C.F.R. § 3.2500(b). Therefore, the Board finds the February 2021 HLR rating decision to be void. 

Additionally, the Veteran filed a VA Form 20-0995 (Decision Review Request: Supplemental Claim) in March 2021 for the issue of service connection for a back condition. The AOJ issued a May 2021 supplemental claim decision continuing to deny service connection for a back condition. Again, the Veteran did not withdraw his April 2020 VA Form 10182 appealing the March 2020 rating decision and the AOJ's May 2021 decision was also made in error because a claimant may not file for a review of a claim under one available review option while that same claim is pending review under another available option. 38 C.F.R. § 3.2500(b). Therefore, the Board finds the May 2021 rating decision is also void. 

Entitlement to service connection for a back condition, to include as secondary to service-connected right knee patellofemoral pain syndrome, is remanded.

The Veteran contends that his back condition is due to his service or secondary to his service-connected right knee patellofemoral pain syndrome. 

The March 2020 rating decision made a favorable finding that the Veteran has been diagnosed with degenerative arthritis of the thoracolumbar spine with lumbosacral strain. The Board is bound by this favorable finding.

On November 2019 VA examination, the Veteran reported his back pain as having started approximately six months prior and indicated he tried physical therapy, but it was not working for him. He also stated his back pain had been going on "forever "and that his right knee was the cause of his pain. The examiner was asked to provide an opinion on secondary service connection only. The examiner opined the Veteran's back condition was less likely than not proximately due to or the result of his service-connected right knee condition because his back condition is mild and most consistent with degenerative facet arthropathy, and there was not current documented medical evidence of a severe enough lower limb pathology to cause the Veteran's back condition. The examiner further opined the Veteran's reported back pain was most likely related to a myofascial condition and/or the use of his back muscles in ways that he is not accustomed to due to being sedentary. 

However, the opinion did not address whether the Veteran's right knee disability aggravated his back condition. An adequate medical opinion regarding secondary service connection must address causation and aggravation separately. See El-Amin v. Shinseki, 26 Vet. App. 136, 140 (2013). 

An opinion was also obtained in March 2020; however, this opinion only addressed whether the Veteran's back condition was related to his service.

As the medical opinions obtained prior to the March 2020 rating decision did not address whether the Veteran's back disability was aggravated by his service-connected right knee patellofemoral pain syndrome, the Board finds that remand is necessary to correct this pre-decisional duty to assist error.

The matter is REMANDED for the following action:

Return the claims file to the November 2019 VA examiner, or another appropriate clinician if that examiner is not available, for review and an addendum medical opinion. 

The reviewing clinician should be requested to provide an opinion (based on a review of the record) to answer the following:

Is it at least as likely as not (a 50 percent or greater probability) that the Veteran's back disability is aggravated by (i.e., any increase in severity beyond the natural progression) his service-connected right knee patellofemoral pain syndrome?

The examiner is advised that such aggravation need not be permanent (i.e., it may be temporary or intermittent). Additionally, such aggravation need not be objectively measured, or numerically quantified, in order to ascertain an increase in disability.

A complete rationale for all opinions must be provided. If the clinician cannot provide a requested opinion without resorting to speculation, it must be so stated, and the clinician must provide the reasons why an opinion would require speculation. The clinician must indicate whether there was any further need for information or testing necessary to make a determination. Additionally, the clinician must indicate whether any opinion could not be rendered due to limitations of knowledge in the medical community at large and not those of the particular examiner.

 

 

M. SORISIO

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Gabrielle Ongies, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.